IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SHERWOOD BRANDS, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. RDB 03-1544 |
|  | * | |
| LEONARD LEVIE, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>MEMORANDUM OPINION & ORDER</u>

On June 23, 2006, Plaintiff Sherwood Brands, Inc. ("Sherwood" or "Plaintiff" or "Counter-Defendant") filed an Emergency Motion for Other Relief to Stay Execution of Judgment. On June 27, 2006, Defendants Leonard Levie and Eleanor Levie (the "Levies" or "Defendants" or "Counter-Plaintiffs") filed a response in Opposition to Plaintiff's Motion. This Court held a telephone conference on June 27, 2006 with counsel for the parties to address Plaintiff's Motion.

Both parties cited the Fourth Circuit's decision in *Tennessee Valley Authority v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794 (4th Cir. 1986), which addressed the impact of an appeal on the execution of a district court's judgment. The Fourth Circuit stated: "Where the prevailing party in the lower court appeals from that court's judgment, the appeal suspends the execution of the decree." *Id.* at 797 (citing *Bronson v. La Crosse R.R. Co.,* 68 U.S. 405, 410 (1863)). As both parties have noted, on May 3, 2006, the Levies filed a notice of appeal in this case even though they prevailed as Defendants and Counter-Plaintiff Eleanor Levie prevailed on

certain of her counterclaims.

Defendants argue that there should be no stay on the execution of the judgment and, indeed, have already filed attachments on various Sherwood assets in Maryland and Virginia. Defendants argue that Eleanor Levie's claims are separable and divisible and, therefore, are covered by an exception to the rule outlined by the Fourth Circuit in *Tennessee Valley Authority*. Although Defendants now argue that the claims are divisible, prior submissions, including Defendants' Motion for Reconsideration, illustrate that the issues presented by this case are certainly interwoven. The genesis of this case, including all of Defendants' counterclaims, stem from one merger and acquisition transaction. Therefore, the exception noted by Defendants is not applicable to this case.

For the reasons stated above, this 27th day of June 2006, it is HEREBY ORDERED that Plaintiff's Emergency Motion to Stay Execution of Judgment (Paper No. 190) be and hereby is GRANTED; and it is further ORDERED that the Clerk of the Court transmit copies of this Memorandum Opinion and Order to counsel for the parties.

/s/
Richard D. Bennett
United States District Judge